# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC KASHKASHIAN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-2812 |
| | : | |
| PAUL LAGANA, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**SCHMEHL, J.** /s/ JLS                                                                           **JULY 10, 2018**

Plaintiff Eric Kashkashian brings this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Paul Lagana, Dr. Abby Cassidy, and "Unknown Name-Prison Director et al," all of whom are officials at the Bucks County Correctional Facility ("BCCF"). He raises claims based on these individuals' failure to "correct" his mental health records. Kashkashian has also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and a Motion for Appointment of Counsel (ECF No. 3). For the following reasons, the Court will grant Kashkashian leave to proceed *in forma pauperis*, dismiss his Complaint as barred by *res judicata*, and deny his Motion for Appointment of Counsel.

## I. FACTS

Kashkashian is awaiting trial in the Court of Common Pleas for Bucks County for various criminal charges. *See Commonwealth v. Kashkashian*, Docket Nos. CP-09-CR-0003277-2015 & CP-09-CR-0002803-2015 (Bucks Cty. Common Pleas). On August 8, 2016, the presiding judge directed the Mental Health Department of the Bucks County Correctional Facility to "examine [Kashkashian] for a determination of competency and prepare a report detailing the results of the

evaluation." *Id.* On October 20, 2016, the state court held a competency hearing and concluded that Kashkashian was not competent to stand trial.[1] *Id.* He is currently in custody at the Norristown State Hospital, although his Complaint suggests he was not transferred there until January 29, 2018. (Compl. at 3.)[2] According to state court dockets, the state court held another competency hearing on June 27, 2018. *See Commonwealth v. Kashkashian*, Docket Nos. CP-09-CR-0003277-2015 & CP-09-CR-0002803-2015 (Bucks Cty. Common Pleas). At that hearing, the presiding judge determined that "[f]urther [e]valuation [was] necessary" and that proceedings should be "continued indefinitely." *Id.*

On April 16, 2018, Kashkashian initiated a lawsuit against Lagana, the Warden of BCCF, Dr. Cassidy, and the unidentified "prison director." *See Kashkashian v. Lagana*, Civ. A. No. 18-1591 (E.D. Pa.). He alleged that Dr. Cassidy

> would not on three occasions see [him] to, correct [his] mental health file, to expunge erroneous, and derogatory information from [his] institutional file. [Kashkashian] told the dr. [he] [has] factual evidence 65-plus pages, proving the information in [his] mental health file is erroneous and derogatory.

---

[1] In light of that finding, the Court recognizes its obligation under Federal Rule of Civil Procedure 17(c)(2) to protect an "incompetent person who is unrepresented in an action." As Kashkashian has been adjudicated incompetent by the state court, appointment of a guardian ad litem, attorney, or other representative would appear to be required in this case if it proceeded past screening under § 1915. *See Powell v. Symons*, 680 F.3d 301 (3d Cir. 2012). However, the Court may still conduct a screening under § 1915(e) consistent with Rule 17. *See id.* at 307 ("In the context of unrepresented litigants proceeding *in forma pauperis,* this inquiry [under Rule 17] would usually occur after the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2)."); *see also Himchak v. Dye*, 684 F. App'x 249, 252 (3d Cir. 2017) (per curiam) ("Because, as discussed below, we agree that the District Court properly dismissed the complaint under the screening provisions, it did not abuse its discretion by not appointing a guardian to protect Himchak's interests pursuant to Fed. R. Civ. P. 17(c)."); *Dangim v. FNU LNU, USA Law Enf't*, No. CV 16-0812 JB/SCY, 2017 WL 3149359, at *3 (D.N.M. June 2, 2017) (understanding *Powell* to convey that "a district court may sua sponte dismiss a complaint under § 1915A or § 1915(e)(2) as frivolous, malicious, or for failure to state a claim on which relief may be granted without first inquiring into a pro se litigant's mental competency to represent himself or herself under rule 17(c)(2).").

[2] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

(Compl. at 5, *Kashkashian v. Lagana*, Civ. A. No. 18-1591 (E.D. Pa. filed Apr. 16, 2018).) He did not further describe the allegedly erroneous information, but indicated that he wanted Dr. Cassidy to "change [his] mental health file, retract the evaluation, retract her testimony at a hearing, and withdraw the evidence use[d] for reliance for [an] involuntary transfer to Norristown State Hospital." (*Id.*) He added that he has been assaulted by other inmates or patients during his stay at Norristown State Hospital. The complaint in that matter reflected that on December 21, 2017, when he still was incarcerated at BCCF, Kashkashian filed a grievance about the fact that Dr. Cassidy would not change his mental health records. Warden Lagana responded that Dr. Cassidy had informed Kashkashian that she "cannot and will not alter or change [his] medical record" and advised him how to proceed if he was "unhappy with her response or [his] current status." (*Id.* at 14.) Kashkashian appealed, and an unidentified prison director denied his appeal. He then appealed to the Prison Oversight Board, but it was not clear whether he received a response.

By Memorandum and Order entered on April 23, 2018, the Court dismissed Kashkashian's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF Nos. 5, 6, *Kashkashian v. Lagana*, Civ. A. No. 18-1591 (E.D. Pa. filed Apr. 23, 2018).) Specifically, the Court noted that the complaint failed to suggest that Kashkashian had been "denied medical care or that the Defendants exhibited deliberate indifference to his medical or mental health needs" and that Kashkashian's disagreement with the doctor's professional opinion regarding his competency did not equate to a constitutional claim. (Mem. at 5-6, *Kashkashian v. Lagana*, Civ. A. No. 18-1591 (E.D. Pa. filed Apr. 23, 2018).) The Court also concluded that any

claims based on testimony Dr. Cassidy may have given in state court were subject to dismissal based upon witness immunity. (*Id.* at 6.) The Court did not give Kashkashian leave to amend. (*Id.*)

Undeterred, Kashkashian filed this suit. In his Complaint, he again alleges that "Dr. Cassidy would not on three occasions see [him] to correct [his] mental health file, to expunge erroneous and derogatory information from [his] institutional file." (Compl. at 3.) Kashkashian asked Dr. Cassidy to change his file, "retract the evaluation, retract her testimony at a hearing, and withdraw the evidence use[d] for reliance for a[n] involuntary transfer to Norristown State Hospital." (*Id.*) He claims that Dr. Cassidy violated his rights under the Fourteenth Amendment by not changing his file. (*Id.*) Kashkashian again mentions that he has been assaulted three (3) times since being transferred to Norristown State Hospital. (*Id.*)

Attachments to the Complaint again reflect that on December 21, 2017, when he still was incarcerated at BCCF, Kashkashian filed a grievance about the fact that Dr. Cassidy would not change his mental health records. (*Id.* at 14.) Warden Lagana responded that Dr. Cassidy had informed Kashkashian that she "cannot and will not alter or change [his] medical record" and advised him how to proceed if he was "unhappy with her response or [his] current status." (*Id.*) Kashkashian appealed, and an unidentified prison director denied his appeal. He then appealed to the Prison Oversight Board, but it was not clear whether he received a response. (*Id.*) As relief, Kashkashian seeks compensatory damages of $1,000,000.00 from each Defendant and punitive damages of $3,000,000.00 from each Defendant. (*Id.* at 11.)

## II. STANDARD OF REVIEW

The Court will grant Kashkashian leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* The Court must accept Kashkashian's factual allegations as true and may consider documents attached to the Complaint and matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Reaves v. Pa. Bd. of Prob. & Parole*, 580 F. App'x 49, 51 n.1 (3d Cir. 2014) (per curiam); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As Kashkashian is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The doctrine of *res judicata* bars claims that were brought or could have been brought in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Three elements are required for *res judicata* to apply: "(1) a final judgment on the merits in a prior suit involving (2)

---

[3] However, as Kashkashian is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). Courts "take a 'broad view' of what constitutes the same cause of action.'" *Blunt v. Lower Merion School Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010)). Moreover, a *res judicata* analysis "does not depend on the specific theory invoked, but rather [on] 'the essential similarity of the underlying events giving rise to the various legal claims.'" *Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 173 (3d Cir. 2009) (quoting *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982)).

Here, the three elements set forth above exist. In this lawsuit, Kashkashian is reasserting his Fourteenth Amendment claims regarding the alleged falsification of his mental health records. As noted above, Kashkashian raised those claims in Civil Action No. 18-1591. In its April 23, 2018 Memorandum and Order, the Court dismissed those claims, concluding that Kashkashian's complaint did not suggest that he was denied medical care or that the Defendants showed deliberate indifference to his medical or mental health needs based upon the allegedly false information. (Mem. at 5-6, *Kashkashian v. Lagana*, Civ. A. No. 18-1591 (E.D. Pa. filed Apr. 23, 2018).) The Court also concluded that Dr. Cassidy was immune from any claims based upon the testimony she provided in state court. (*Id.* at 6.) A dismissal of an *in forma pauperis* complaint, such as Kashkashian's, constitutes a final judgment on the merits, especially considering that Kashkashian has been granted leave to proceed *in forma pauperis* in this lawsuit. *See Porter v. Cancelmi*, 318 F. App'x 48, 50 n.2 (3d Cir. 2008) (per curiam). Kashkashian has brought this suit against the same Defendants he named in Civil Action No. 18-1591, and the instant suit is based upon the same cause of action as his previous one. Thus, all

three factors are satisfied. While Kashkashian may understandably be upset about this Court's adverse ruling, the doctrine of *res judicata* bars him from returning to this Court to relitigate his claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Kashkashian leave to proceed *in forma pauperis* and dismiss his Complaint as barred by *res judicata*. Kashkashian will not be given leave to file an amended complaint because he cannot cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because Kashkashian has not stated a basis for a plausible claim, the Court will deny his motion for counsel. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**